IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| LANTZ ALAN CROSS, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-1114 |
| | ) | |
| IVAN GILMORE, WARDEN, | ) | |
|     Respondent. | ) | |
| | ) | |

## MEMORANDUM OPINION

Petitioner Lantz Cross, a Virginia state inmate who pled guilty to electronic solicitation of a minor in violation of Va. Code § 18.2-374.3, has filed, by counsel, an application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner contends that he is in state custody in violation of the Constitution of the United States because (i) his conviction stems, in part, from evidence obtained in violation of the Fourth Amendment and (ii) his trial counsel was constitutionally ineffective under the Sixth Amendment because his counsel failed to assert the Fourth Amendment violation. Respondent now moves to dismiss the application on the grounds (i) that the application is untimely, (ii) that petitioner failed to exhaust state remedies, and (iii) that petitioner's constitutional claims fail as a matter of law.

As the parties have briefed the issues presented and neither oral argument nor an evidentiary hearing would aid the decisional process, respondent's motion is ripe for disposition. This Memorandum Opinion addresses only the timeliness of the application and the merits of the ineffective assistance of counsel claim; the remaining issues are neither reached nor decided.

I.

The pertinent facts may be succinctly stated. On or about July 6, 2010, Amanda Sumner, a private citizen not acting as an agent of or under the authority of the state, entered petitioner's

1

home while petitioner was sleeping. While there, Sumner searched petitioner's cell phone without authorization, and this search disclosed several sexually explicit messages that petitioner had sent to his step-sister, who was twelve years old at the time. Sumner reported her findings to the sheriff's office for Spotsylvania County, Virginia, and officials from the sheriff's office thereafter arrested petitioner and seized and searched petitioner's cell phone incident to the arrest and without a warrant.

Rather than proceed to trial, petitioner ultimately agreed to a plea deal with the Commonwealth. On or about January 3, 2011, the Circuit Court of Spotsylvania County, Virginia, accepted petitioner's guilty plea for electronic solicitation of a minor in violation of Va. Code § 18.2-374.3 and entered a judgment of conviction. Consistent with the terms of petitioner's plea agreement with the Commonwealth, petitioner was sentenced to serve fifteen years of imprisonment with ten of those years suspended. Petitioner did not appeal his conviction to the Court of Appeals of Virginia or the Supreme Court of Virginia. Accordingly, his conviction became final as of February 2, 2011. *See* 28 U.S.C. § 2244(d)(1)(A) (judgment becomes final when the time to seek direct review expires); Va. Code § 8.01-675.3 (notice of appeal must be filed within thirty days of judgment).

Petitioner never sought state *habeas* relief, but filed, by counsel, an application for federal *habeas* relief here on June 17, 2015. Petitioner's asserted grounds for federal *habeas* relief are (i) that the Spotsylvania County sheriff's officers conducted an unlawful search of petitioner's cell phone in violation of the Fourth Amendment and (ii) that petitioner's trial counsel was constitutionally ineffective for failing to advise petitioner that his Fourth Amendment rights had been violated and for failing to move to suppress the evidence obtained in violation of the Fourth Amendment.

2

## II.

The threshold issue is respondent's challenge that petitioner's application is untimely. An application for a federal writ of *habeas corpus* by a petitioner in custody pursuant to the judgment of a state court must be filed no later than one year from the latest of four possible dates. *See* 28 U.S.C. § 2244(d)(1).[1] Respondent argues that the applicable date from which the one-year filing deadline for this application began to run was February 2, 2011, when the judgment of the state court became final through petitioner's failure to seek timely state appellate review. *See id.* § 2244(d)(1)(A). Petitioner argues, in turn, that the appropriate date from which the one-year filing deadline began to run is June 25, 2014, the date on which the Supreme Court held in *Riley v. California*, 134 S. Ct. 2473, 2495 (2014), that a search of a cell phone seized incident to arrest presumptively requires a warrant.[2] In petitioner's view, the failure of the

---

[1] This provisions provides, in full:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[2] The warrant requirement is merely presumptive because there are certain factual situations in which a search might occur without violating the Fourth Amendment. For example, case-specific exigent circumstances might justify a warrantless search, or an arrestee might consent to a search

Virginia courts, at the time of petitioner's conviction, to enforce the right first recognized in *Riley* approximately three years later constitutes an "impediment...created by State action in violation of the Constitution" that "prevented" petitioner from filing his application until the Supreme Court recognized the right asserted. *See* 28 U.S.C. § 2244(d)(1)(B). In essence, petitioner argues that any federal *habeas* application he might have filed before *Riley* was decided would have been futile, given the then-existing state of the law. Thus, petitioner could *not* file, pre-*Riley*, such an application. Put another way, the issue presented here is whether the state of the law prior to, and contrary to, *Riley* was a qualifying "impediment" for purposes of § 2244(d)(1)(B).

Petitioner's argument in this regard is foreclosed by the Fourth Circuit's decision in *Minter v. Beck*, 230 F.3d 663, 665-66 (4th Cir. 2000). The petitioner in *Minter* was prosecuted and punished under the North Carolina Controlled Substance Tax and then prosecuted and punished again for the same conduct under North Carolina's state drug trafficking laws. *See id.* at 663-64. At the time of his conviction, controlling North Carolina precedent held that the North Carolina Controlled Substance Tax was not a criminal penalty for purposes of the Double Jeopardy Clause. *Id.* at 666. Approximately four years after the petitioner's conviction, the Fourth Circuit reached a contrary result, holding that "the [North Carolina Controlled Substance Tax] may not be enforced absent the constitutional safeguards that attach to criminal proceedings." *See Lynn v. West*, 134 F.3d 582, 588 (4th Cir. 1998); *Minter*, 230 F.3d at 666. Given the holding in *Lynch*, the petitioner in *Minter* filed an application for federal *habeas* relief,

---

of his cell phone incident to arrest. *See, e.g., Riley*, 134 S. Ct. at 2486 (noting that "exigent circumstances" might justify a warrantless search of a cell phone incident to arrest "in a particular case"); *Illinois v. Rodriguez*, 497 U.S. 177, 179 (1990) ("[A] warrantless...search by law enforcement officers does not violate the Fourth Amendment's proscription of 'unreasonable searches and seizures' if the officers have obtained...consent.").

4

arguing that his application was not untimely because it would have been futile before the decision in *Lynch*. In other words, the petitioner in *Minter* attempted to equate futility with an "impediment" as that term is used in § 2244(d)(1)(B), essentially arguing that no federal *habeas* application could be made while the controlling case law would have prevented the granting of relief. *See id.*

On the facts of *Minter*, the Fourth Circuit held that the petitioner's application was untimely and squarely rejected the petitioner's attempt to equate futility with an impediment, noting that even if an effort to obtain federal *habeas* relief is "incapable of producing a successful result," there is no impediment to seeking such relief if "the effort itself was still possible." *Id.* As the Fourth Circuit observed in interpreting the language of § 2244(d)(1)(B), the common meaning of "impediment" is a hindrance, whereas the common meaning of "futile" is "an unsuccessful result of an already undertaken effort." *Id.* And, indeed, this interpretation finds still further support in the full context of § 2244(d)(1)(B), which specifies that a qualifying "impediment" must "prevent[]" a petitioner from filing his application. Here, as in *Minter*, nothing prevented petitioner from filing a *habeas* application other than petitioner's own acknowledgment that such an application would have been futile in light of then-existing precedent. This was not an "impediment...created by State action in violation of the Constitution." 28 U.S.C. § 2244(d)(1)(B).

The same result obtains here with respect to petitioner's ineffective assistance of counsel claim. Even assuming, *arguendo*, that petitioner's trial counsel was ineffective in failing to raise the Fourth Amendment issue implicated by the search of petitioner's cell phone, the state of the law at the time of petitioner's conviction was not a state-created impediment to filing for federal *habeas* relief merely because no court pre-*Riley* would likely have recognized the merits of

petitioner's argument in light of then-existing case law. That is, as with the Fourth Amendment claim itself, the only bar to petitioner's applying for federal *habeas* relief as to his ineffective assistance of counsel claim was the ultimate futility of doing so. And once again, *Minter* clearly forecloses this argument for purposes of § 2244(d)(1)(B). *See* 230 F.3d at 666 (rejecting the "flawed assumption that the term 'impediment,' as found in § 2244(d)(1)(B), is synonymous with the term 'futile'").

At its core, petitioner's objection is that petitioner is not receiving the full protection of the Fourth Amendment because a similarly situated person subjected to an identical search today would be able to suppress the evidence obtained. This is not an argument about the meaning of § 2244(d)(1)(B) but an attack on the state of the Supreme Court's retroactivity doctrine. That is, if the police conducted a warrantless search of petitioner's cell phone incident to petitioner's arrest and without a valid exception to the warrant requirement, then petitioner no doubt suffered a constitutional injury. His remedy for that injury before his conviction became final—and the remedy shared by all similarly situated persons—was to seek suppression of the unlawfully obtained evidence, including by seeking appellate review of a denial of a motion to suppress all the way to the Supreme Court if necessary. But as Justice Harlan observed many decades ago, the full panoply of remedies for a constitutional violation need not be available in every posture. *See, e.g., Desist v. United States*, 394 U.S. 244, 256-62 (1969) (Harlan, J., dissenting) (differentiating direct review from collateral review). Thus, petitioner's inability to assert his constitutional claim on collateral review is not a denigration of his Fourth Amendment *right*, but a recognition that federal *habeas* relief is not a *remedy* available to him at this time for a violation of that right. *See Beard v. Banks*, 542 U.S. 406, 412 (2004) (noting that the principle that not all newly recognized constitutional requirements apply retroactively "acts as a limitation

on the power of federal courts to grant habeas corpus relief to state prisoners"). To put this point differently, petitioner's argument is really an argument that the right recognized in *Riley* should apply retroactively.

In light of the foregoing discussion that petitioner's objection is truly an objection to the Supreme Court's retroactivity doctrine, it is appropriate to consider—although petitioner does not expressly raise the argument—whether petitioner's application is timely under § 2244(d)(1)(C), which provides that applicants have one year to file from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[3] In order for § 2244(d)(1)(C) to apply, "the constitutional right asserted" must have been "newly recognized" and "made retroactively applicable to cases on collateral review." When interpreting similar language under 28 U.S.C. § 2244(b)(2)(A), the Supreme Court made it clear that a constitutional right can only be "made" retroactive by a holding of the Supreme Court. *See Tyler v. Cain*, 533 U.S. 656, 664 (2001) (holding that a "new rule of constitutional law" is "made retroactive to cases on collateral review by the Supreme Court" only if the Supreme Court holds as much).[4] Even assuming (as respondent does for purposes of his motion

---

[3] It is worth noting that any "new" constitutional rule of criminal procedure for which relief can actually be granted, *i.e.*, that applies retroactively on collateral review, is appropriately governed by § 2244(d)(1)(C). Thus, petitioner's argument that all "old" constitutional rules of criminal procedure, *e.g.*, old lower court rules contrary to *Riley*, constitute "impediments" under § 2244(d)(1)(B) is absurd, as there is no reason to believe that Congress would intend to give a one-year filing period to prisoners with clearly unmeritorious (*i.e.*, non-retroactive) claims.

[4] In order to be retroactive to cases on collateral review, the Supreme Court does not need to hold expressly that a particular rule is retroactive. Rather, retroactivity can be established by necessary implication "where the Court's holdings logically permit no other conclusion than that the rule is retroactive." *Tyler*, 533 U.S. at 669 (O'Connor, J., concurring). Because Justice

to dismiss) that *Riley* is a "newly recognized" rule,[5] the Supreme Court has neither expressly held that *Riley* is retroactive to cases on collateral review, nor does this conclusion follow from strict logical necessity in light of the Supreme Court's precedents.

In order for a new constitutional rule to apply retroactively to cases that have become final before the rule's announcement, the rule must fit one of two categories recognized in *Teague v. Lane*, 489 U.S. 288, 310 (1989). The first category is for rules that are substantive, *i.e.*, rules that bar the punishment of certain primary conduct or that prohibit a certain category of punishment for a class of defendants because of their status or offense. *See Beard*, 542 U.S. at 416. The second category, into which the Supreme Court has *never* held that a new rule falls, applies to "watershed rules of criminal procedure" that are "central to an accurate determination of innocence or guilt." *See id.* at 417.

There can be no doubt that *Riley* is not a substantive rule; it does not circumscribe the legislative power of the government to prohibit specific conduct or to impose certain punishments on certain classes of defendants. *See id.* at 416. Nor can there be any doubt that *Riley* is not a watershed rule of criminal procedure. Rules governing the collection of evidence do not cut to the heart of guilt or innocence, as Supreme Court precedent requires in order for a

---

O'Connor was the necessary fifth vote for the *Tyler* majority, her concurring opinion controls to the extent that, as here, it limits the reach of the majority opinion.

[5] Although not reached or decided, this assumption is likely correct. A "new rule" is one that "breaks new ground or imposes a new obligation on the government." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (internal quotations omitted). Put more simply, a "new rule" is one that would not have been apparent to all reasonable jurists. *See id.* Given the substantial lower court authority that had interpreted the Supreme Court's then-existing Fourth Amendment jurisprudence as permitting warrantless searches of cell phones incident to arrest, any suggestion that all reasonable jurists would have anticipated *Riley* would border on absurd. *See, e.g., United States v. Chaidez-Reyes*, 996 F. Supp. 2d 1321, 1341-42 (N.D. Ga. 2014) (collecting cases decided prior to *Riley* and holding contrary to *Riley*).

8

rule to be a watershed rule of criminal procedure. *Cf. Stone v. Powell*, 428 U.S. 465, 489-90 (1976) (noting that because "the ultimate question of guilt or innocence...should be the central concern in a criminal proceeding" it is inappropriate to extend the exclusionary rule to collateral review of Fourth Amendment claims). Accordingly, not only has the Supreme Court not made *Riley* retroactive by express holding, but such a conclusion also does not follow by strict logical necessity from Supreme Court precedent.

For the foregoing reasons, the timeliness of petitioner's application for federal *habeas* relief must be assessed under § 2244(d)(1)(A) and not under either § 2244(d)(1)(B) or § 2244(d)(1)(C).[6] As such, petitioner had one year to apply for federal *habeas* relief as of February 2, 2011, when his conviction became "final" for purposes of § 2244(d)(1)(A). Because the instant application was not filed until June 17, 2015, it falls well beyond the one-year period permitted to petitioner to seek federal *habeas* relief. Accordingly, respondent's motion to dismiss the application must be granted.

### III.

Although the untimeliness of petitioner's application is dispositive, it bears mentioning that there is no merit to petitioner's ineffective assistance of counsel claim. Analysis of ineffective assistance of counsel claims is governed by the settled and familiar two prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). Specifically,

---

[6] The sole remaining measuring date is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The factual predicates of petitioner's claims are (i) the warrantless search of his cell phone and (ii) the failure of his trial counsel to raise the Fourth Amendment implications of that search. As both of these factual predicates occurred and were known before the state court judgment became final, the date on which the judgment became final is the appropriate date to consider because it occurred "latest." *Id.* § 2244(d)(1) (establishing that the limitation period runs from the "latest" of four possible dates).

9

petitioner must show that his trial counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. Judicial review of trial counsel's performance is "highly deferential," and there is a strong presumption that counsel rendered "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689-90. And even if petitioner can establish that trial counsel's performance was objectively unreasonable, he must thereafter establish that "the deficient performance prejudiced the defense." *Id.* at 687. In other words, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. Moreover, the prejudice analysis requires considering whether "the result of the proceeding was fundamentally unfair or unreliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). That is, trial counsel may be deemed constitutionally ineffective only if his "conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

Petitioner can show neither objectively unreasonable performance by trial counsel nor prejudice with respect to his claim that trial counsel should have advised him of the Fourth Amendment implications of the search of the cell phone. As the Fourth Circuit has made clear, "an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995). Indeed, it was not only petitioner's trial counsel who failed to anticipate *Riley*; so, too, did many courts, which further underscores the reasonableness of deciding not to challenge the warrantless search of petitioner's cell phone. *See, e.g., Chaidez-Reyes*, 996 F. Supp. 2d at 1341-42 (collecting cases decided prior to *Riley* and holding contrary to *Riley*).

Moreover, even *assuming* objectively unreasonable performance, petitioner cannot show that he was prejudiced to the extent that his conviction "cannot be relied on" as "a just result." *Strickland*, 466 U.S. at 686. Indeed, there is no doubt that Sumner, the private citizen who first searched the phone (and not at the direction of, or as an agent of, the police), did not violate the Fourth Amendment and would not have been precluded from testifying as to what she saw. *See United States v. Ellyson*, 326 F.3d 522, 527 (4th Cir. 2003) ("Because the protection afforded by the Fourth Amendment is aimed 'exclusively at state action...evidence secured by private searches, even if illegal, need not be excluded from a criminal trial.'"). But even so, the warrantless search of petitioner's cell phone by the Spotsylvania County sheriff's office fits squarely within the "good faith" exception to the exclusionary rule, such that the evidence collected in violation of the Fourth Amendment remained admissible. *See Davis v. United States*, 131 S. Ct. 2419, 2429-30 (2011) (holding that the exclusionary rule has "no application" where "[t]he police acted in strict compliance with binding precedent"); *United States v. Murphy*, 552 F.3d 405, 412 (4th Cir. 2009) (holding that a district court "committed no error, plain or otherwise, in refusing to suppress the contents of [a] cell phone" seized incident to an arrest and subsequently searched without a warrant).[7]

In sum, it was not objectively unreasonable for petitioner's trial counsel to fail to raise the Fourth Amendment issue implicated by the warrantless search of petitioner's cell phone incident to his arrest, and in any event the failure did not prejudice petitioner's defense because the

---

[7] Although the search at issue was conducted by state authorities and "no Virginia law expressly addressed the issue [of] the warrantless search of a cell phone incident to arrest" at the time the search occurred, the existence of Fourth Circuit case law on point is sufficient to trigger the *Davis* exception to the exclusionary rule. *See Rivera v. Virginia*, 778 S.E.2d 144, 149-50 (Va. Ct. App. 2015) (holding that *Davis* applies with respect to a violation of *Riley* that occurred before *Riley* was decided).

11

evidence obtained in violation of the Fourth Amendment would not have been subject to the exclusionary rule in light of then-existing precedent. Accordingly, petitioner's ineffective assistance of counsel claim clearly fails on the merits.

### IV.

For the reasons herein stated, respondent's motion to dismiss petitioner's application for a writ of *habeas corpus* must be granted.

An appropriate order will issue.

Alexandria, Virginia
January 29, 2016

/s/
_____
T. S. Ellis, III
United States District Judge